# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:10cr270

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SYREETA LEE. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Provide Non-Custodial Transportation Expenses (#24). In such motion, filed on the afternoon of Friday, October 14, 2011, defendant seeks an Order directing the United States Marshal to provide her with non-custodial transportation and subsistence expense for purposes of travel to court on Tuesday, October 18, 2011. Despite being employed at Starbucks (see CJA 23 Affidavit, #6), defendant contends that she is unable to afford to travel back to court for sentencing on Tuesday. The court noticed the sentencing on October 5, 2011.

According to the motion, counsel made inquiry of the United States Marshal concerning provision of travel funds at government expense in June 2011. Counsel does not, however, explain why he waited until the Friday before a Tuesday sentencing to make such request. Despite the late filing, the court made inquiry of the United States Marshal, who informed the court that he could not comply with such a request as there simply was not enough time to make such arrangements as defendant resides in the District of Columbia.

The request will, therefore, be denied and counsel instructed to call his client and remind her that bail is a privilege and that a condition of her pretrial release is that she appear for all proceedings, and that if she fails to appear for sentencing, a warrant will issue for her arrest and transportation will then be provided at government expense.

* * *

The late filing an obvious alacrity with which the motion was prepared has lead to a number of errors in the motion, including: the motion was filed on the eve of the sentencing hearing despite the fact that counsel knew of the need and the potential avenue for relief in June 2011.  Second, the motion contains a number of errors, including: an incorrect docket number; no certificate of service; reference to a "Ms. Lewis" rather than Ms. Lee  in paragraph three; and  two misspellings of United States Marshal.  Third, while docketed as an *ex parte* motion, no reference is made in the motion as to the authority relied upon in making such filing *ex parte*.  Fourth, defendant makes reference to 18, United States Code, Section 4282, which provides for provision of transportation to persons released from custody to either their home or place of arrest; however, Section 4282 provides no relief to a person released on bail.  Instead, counsel for defendant should have cited Section 4285, which provides that when an indigent person is released pending a court appearance, a judge "may, when the interests of justice would be served thereby" direct the United States Marshal to arrange for or pay for transportation for a person released on bail  "to the place where his appearance is required."  18 U.S.C. § 4285.

The court will forgive the misspellings, citation to incorrect law, and failure to include a certificate of service; however, the court will not accept the late hour as being an excuse for defendant not showing up for her sentencing hearing.  There are trains, buses, and planes leaving daily for Charlotte from Washington, and it is not more than a nine-hour drive.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Provide Non-Custodial Transportation Expenses (#24) is **DENIED.**

Signed: October 14, 2011

Max O. Cogburn Jr.
United States District Judge